**Herman SURJADI, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 03–71698.**

**Agency No. A75–659–899.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 7, 2005.*

Decided Feb. 9, 2005.

Jonathan D. Montag, Law Offices of Jonathan D. Montag, San Diego, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, David Dauenheimer, Andrew C. MacLachlan, U.S. Department of Justice, Washington, DC, for Respondent.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before BROWNING, CUDAHY,** and RYMER, Circuit Judges.

### MEMORANDUM***

Herman Surjadi, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' (BIA) dismissal of his appeal from an immigration judge's decision denying his asylum application as untimely. We dismiss the petition for review.

We lack jurisdiction to review the BIA's determination that the changed circumstances provisions set forth in 8 U.S.C. § 1158(a)(2)(D) do not excuse the untimely filing of Surjadi's asylum petition. 8 U.S.C. § 1158(a)(3); *see also Hakeem v. INS*, 273 F.3d 812, 815 (9th Cir.2001); *Molina–Estrada v. INS*, 293 F.3d 1089, 1093 (9th Cir.2002).

Pursuant to *Desta v. Ashcroft*, 365 F.3d 741, 749–50 (9th Cir.2004), petitioner's timely motion to stay removal included a timely request to stay voluntary departure. Because the motion to stay was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed as of the filing of the motion for stay of removal. The stay will expire two days following issuance of the mandate.

PETITION DENIED; MOTION GRANTED.

** Honorable Richard D. Cudahy, Circuit Judge for the Seventh Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.